IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

ANTHONY MORANGELLI and FRANK
ERCOLE, individually and on behalf of all others
similarly situated,

                Plaintiffs,

-against-

CHEMED CORPORATION and ROTO-ROOTER
SERVICES COMPANY,

                Defendants.

CV 10-0876

CLASS ACTION
COMPLAINT

Jury Trial Demanded

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   FEB 2 5 2010   ★

BROOKLYN OFFICE

COGAN, J.

## I.   INTRODUCTION

1.     Plaintiffs are Technicians who work for Defendants around the United States. Defendants pay Plaintiffs on a commission basis for work they do servicing Defendants' customers. However, Defendants unlawfully fail to pay wages free and clear and also unlawfully reduce wages that they paid to Plaintiffs through paycheck deductions and requiring Plaintiffs to bear Defendants' business expenses.  As a result of the failure to pay wages free and clear and the kick backs and illegal deductions, Plaintiffs regularly earned less than the minimum wage required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*  Moreover, Plaintiffs regularly worked unrecorded time of which the Defendants were aware and encouraged through their policies and practices.  As a result, Plaintiffs were not paid overtime wages for all their overtime hours.  The kick backs and illegal deductions resulted in violations of the FLSA and state labor laws, as did the failure to pay overtime wages for all overtime hours worked.

2.     Plaintiffs seek unpaid wages, unreimbursed expenses, liquidated damages, costs, interest, and attorneys' fees as well as declaratory relief. Plaintiffs bring this claim individually and on behalf of other similarly situated employees under the collective action provisions of the FLSA. 29 U.S.C. § 216(b).

3.     Plaintiff ERCOLE brings individual and representative claims under New Jersey Wage and Hour Laws, N.J.S.A. §§ 34:11-56a et seq., and the supporting regulations, N.J. Admin. Code §§ 12:56-1.1 et seq., and New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1-33.6 and the supporting regulations as a class action pursuant to Fed. R. Civ. P. 23, on behalf of a class of all persons who have worked for Defendants as Technicians in New Jersey between two years preceding the filing of this complaint and the date of final judgment in this matter.

4.     Plaintiffs MORANGELLI and ERCOLE bring individual and representative claims under New York Labor Law Articles 6 and 19 and their implementing regulations as a class action pursuant to Fed. R. Civ. P. 23 on behalf of a class of all persons who have worked for Defendants as Technicians in New York between six years preceding the filing of this Complaint and the date of final judgment in this matter.

## II.  JURISDICTION & VENUE

5.     Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA"), by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over the Plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

6.     This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§

1332 and 1367.

7.    The amount in controversy in this matter exceeds the sum or value of $5,000,000,
      exclusive of interest and costs.

8.    At least one member of the proposed class is a citizen of a state different from that of at
      least one Defendant.

9.    Plaintiffs' claims involve matters of national or interstate interest.

10.   Citizenship of the members of the proposed class is dispersed among at least two states:
      New York and New Jersey.

11.   Greater than two-thirds of the members of all proposed plaintiff classes in the aggregate
      are not citizens of New York.

12.   At least one Defendant resides in New York.

13.   At least one Defendant is subject to personal jurisdiction in New York.

14.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

15.   Defendants reside in this District.

16.   Plaintiffs labored for Defendants within this District.

17.   The cause of action set forth in this Complaint arose in this District.

## III. PARTIES

### A.  Named Plaintiffs

18.   Plaintiff MORANGELLI was an employee of Defendants. His "Consent to Sue" is
      attached to the back of this complaint.

19.   Plaintiff MORANGELLI worked for Defendants in New York.

20.   Plaintiff MORANGELLI was engaged in commerce in his work for Defendants.

21.   Plaintiff ERCOLE was an employee of Defendants. His "Consent to Sue" is attached to

the back of this complaint.

22. Plaintiff ERCOLE worked for Defendants in New York and New Jersey.

23. Plaintiff ERCOLE was engaged in commerce in his work for Defendants.

**B. Represented Parties under the FLSA**

24. The term "Plaintiffs" as used in this Complaint refers to the Named Plaintiffs and any additional represented class members pursuant to the collective action provision of 29 U.S.C. §216(b).

25. The Named Plaintiffs bring the First and Second Causes of Action as a collective action under the collective action provision of the FLSA as set forth in 29 U.S.C. §216(b) on behalf of all current and former Technicians who have worked for any Defendant within the past three years preceding the filing of a consent to sue by such Technician and the date of final judgment in this matter.

**C. Represented Parties under FRCP 23**

26. Plaintiffs MORANGELLI and ERCOLE bring the Third, Fourth, Fifth, and Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class of persons consisting of all Technicians who have worked for Defendants in New York between the period commencing six years preceding the filing of this Complaint and the date of final judgment in this matter ("NY Class Members").

27. Excluded from the NY Class Members are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

4

28. Plaintiff ERCOLE brings the Seventh, Eighth, and Ninth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of all Technicians who have worked for Defendants in New Jersey between the period commencing two years preceding the filing of this Complaint and the date of final judgment in this matter ("NJ Class Members").

29. Excluded from the NJ Class Members are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Class.

### D. Defendants

30. Defendant CHEMED CORPORATION ("CHEMED") is a Delaware corporation that lists its principle place of business as 2600 Chemed Center, 255 E. 5th Street, Cincinnati, Ohio. It is a publicly traded company on the New York Stock Exchange.

31. CHEMED owns and operates ROTO-ROOTER SERVICES COMPANY.

32. Defendant ROTO-ROOTER SERVICES COMPANY ("RRSC") is an Iowa corporation that lists its principal office address as 2600 Chemed Center, 255 East 5th Street, Cincinnati, OH.

33. RRSC operates approximately 110 company-owned service locations, including the locations where the Named Plaintiffs worked, which provide plumbing repair and maintenance services.

34. CHEMED and RRSC each grossed more than $500,000 in each of the last five calendar

years.

35.    CHEMED and RRSC are enterprises engaged in interstate commerce for purposes of the
       FLSA.

36.    CHEMED and RRSC employed Plaintiffs and participated directly in employment
       decisions regarding the Plaintiffs' rights for which they seek redress in this case.

37.    Defendants are individually and collectively an enterprise engaged in interstate
       commerce for purposes of the FLSA.

38.    All actions and omissions described in this complaint were made by Defendants directly
       or through their supervisory employees and agents.

## IV.  CLASS ACTION ALLEGATIONS

### A.  New York Class

39.    The NY Class Members identified above are so numerous that joinder of all members is
       impracticable. Although the precise number of such persons is not known to Plaintiffs,
       the facts on which the calculation of that number can be based are presently within the
       sole control of Defendants.

40.    Upon information and belief, the size of the NY Class Members number at least 50
       workers.

41.    Defendants acted or refused to act on grounds generally applicable to the NY Class
       Members, thereby making appropriate final injunctive relief or corresponding declaratory
       relief with respect to the New York Class as a whole.

42.    The Third, Fourth, Fifth, and Sixth Causes of Action are properly maintainable as a class
       action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and
       fact common to the NY Class Members that predominate over any questions solely

affecting individual NY Class Members, including but not limited to:

    a.  whether Defendants failed to pay NY Class Members the minimum wages required by New York Labor law in each pay period;

    b.  whether Defendants failed to pay NY Class Members the overtime wages required by New York Labor law in each pay period;

    c.  whether Defendants paid NY Class Members their wages free and clear;

    d.  whether Defendants failed and/or refused to pay the NY Class Members overtime pay for all hours worked in excess of 40 hours per workweek;

    e.  whether Defendant's policy of failing to pay overtime was instituted willfully or with reckless disregard of the law;

    f.  whether Defendant correctly calculated and compensated the NY Class Members for hours worked in excess of 40 per workweek;

    g.  whether Defendants failed to keep true and accurate time records for all hours worked by the NY Class Members;

    h.  what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    i.  whether Defendants violated their contractual obligations to NY Class Members;

    j.  whether Defendant wrongfully shifted its business expenses to the NY Class Members by demanding that they bear business expenses of the employer,

    k.  whether Defendants wrongfully deducted money from NY Class Members paychecks for impermissible purposes and without permission;

    l.  whether Defendants required kickbacks from NY Class Members as a requirement for employment; and

      m.  the nature and extent of New York Class-wide injury and the appropriate measure of damages for the NY Class Members;

43.    The claims of the Plaintiffs are typical of the claims of the NY Class Members they seek to represent. The Plaintiffs and the NY Class Members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay minimum and overtime wages for hours worked in excess of 40 hours per week, failing to pay wages free and clear, making impermissible deductions from wages, and requiring kickbacks as a condition of employment. Defendants acted and refused to act on grounds generally applicable to the NY Class Members, thereby making declaratory relief with respect to the NY Class Members appropriate.

44.    The Plaintiffs will fairly and adequately represent and protect the interests of the NY Class Members.

      a.  The Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the NY Class Members to represent their interests fairly and adequately.

      b.  The Plaintiffs recognize that as class representatives, they must represent and consider the interests of the NY Class Members just as they would represent and consider their own interests.

      c.  The Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the NY Class Members.

      d.  The Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the NY Class

Members.

    e.    The Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

45.    The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

46.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The NY Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**B.  New Jersey Class**

47.    The NJ Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

48.    Upon information and belief, the number of NJ Class Members is at least 50 workers.

49. Defendants acted or refused to act on grounds generally applicable to the NJ Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Class as a whole.

50. The Seventh, Eighth, and Ninth Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the NJ Class Members that predominate over any questions solely affecting individual members of the New Jersey Class, including but not limited to:

   a. whether Defendants failed to pay NJ Class Members the minimum wages required by New Jersey Wage and Hour Laws in each pay period;

   b. whether Defendants failed to pay NJ Class Members the overtime wages required by New Jersey Wage and Hour Laws in each pay period;

   c. whether Defendants failed and/or refused to pay the NJ Class Members overtime pay for all hours worked in excess of 40 hours per workweek;

   d. whether Defendant correctly calculated and compensated the NJ Class Members for hours worked in excess of 40 per workweek;

   e. whether Defendant's policy of failing to pay overtime was instituted willfully or with reckless disregard of the law;

   f. whether Defendants paid NJ Class Members their wages free and clear;

   g. whether Defendants failed to keep true and accurate time records for all hours worked by the NJ Class Members;

   h. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   i. whether Defendants violated their contractual obligations to NJ Class Members.

j.  whether Defendant wrongfully shifted its business expenses to the NJ Class Members by demanding that they bear unreimbursed business expenses of the employer;

k.  whether Defendants wrongfully deducted money from NJ Class Members paychecks for impermissible purposes and without permission; and

l.  the nature and extent of New Jersey Class-wide injury and the appropriate measure of damages for the NY Class Members.

51.  The claims of the Plaintiffs are typical of the claims of the NJ Class Members they seek to represent. The Plaintiffs and the NJ Class Members work or have worked for Defendants and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week; failing to pay wages free and clear; and making impermissible deductions from wages. Defendants acted and refused to act on grounds generally applicable to the NJ Class Members, thereby making declaratory relief with respect to the New Jersey Class appropriate.

52.  The Plaintiffs will fairly and adequately represent and protect the interests of the NJ Class Members.

a.  The Plaintiffs understands that, as class representatives, they assume a fiduciary responsibility to the NJ Class Members to represent their interests fairly and adequately.

b.  The Plaintiffs recognize that as class representatives, they must represent and consider the interests of the NJ Class Members just as they would represent and consider their own interests.

c.  The Plaintiffs understand that in decisions regarding the conduct of the litigation

11

and its possible settlement, they must not favor their own interests over those of the NJ Class Members.

d.  The Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the NJ Class Members.

e.  The Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

53.  The Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

54.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The NJ Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New Jersey Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## FACTS

55. Plaintiff MORANGELLI began his employment with Defendants on or about October 17, 2008. Plaintiff MORANGELLI left employment with Defendants on or about December 20, 2009.

56. Plaintiff ERCOLE began his employment with Defendants on or about May 26, 2007. Plaintiff ERCOLE left employment with Defendants on or about September 3, 2009.

57. Plaintiffs were Technicians primarily employed by Defendants to provide plumbing repairs and maintenance to residential and commercial customers.

58. Defendants controlled Plaintiffs' and class members' work schedule through dispatching them to jobs.

59. Defendants paid advances to the Plaintiffs and NY and NJ Class Members on a percentage basis.

60. Defendants required Plaintiffs and NY and NJ Class Members to bear Defendants business expenses, which caused Plaintiffs and NY and NJ Class Members' to fall below the federal and state minimum wage.

61. Defendants failed to pay Plaintiffs and the NY and NJ Class Members their wages free and clear. Instead, Defendants only paid Plaintiffs advances until the customer paid the invoice and the warranty period expired. Warranty periods were regularly six months to one-year long.

62. Defendants discouraged Plaintiffs and NY and NJ Class Members from recording hours of work in excess of forty in a work week.

63. Defendants knew or should have known that Plaintiffs and NY and NJ Class Members were working in excess of forty hours in a work week.

64.    Defendants required Plaintiffs and NY and NJ Class Members to do various work off the clock. Such off-the-clock work included reporting for shifts before the scheduled start time, attendance at trainings, meetings, and inventory, work at plumbers' homes or away from customer's homes, company vehicle maintenance and repair, stocking the company vehicles with inventory, going to stores for work-related supplies, traveling to the first customer, and traveling from the last customer.

65.    Upon information and belief, Defendants failed to keep accurate time records for all the work Plaintiffs and the NY and NJ Class Members on a daily or weekly basis.

66.    Defendants failed to pay the Plaintiffs and the NY and NJ Class Members overtime compensation at the rate of time and one-half for all hours worked over 40 in a week.

67.    Defendants made periodic charge backs from the Plaintiffs' and the NY and NJ Class Members' wages, including deductions purportedly to account for parts and tools, inventory shortages, Defendants' business expenses, warranty work, outstanding customer balances, stolen equipment, company-issued cell phones.

68.    Upon information and belief, Defendants failed to obtain proper authorization for making deductions from Plaintiffs' and the NY and NJ Class Members' wages in New York or New Jersey where such authorization is required by law.

69.    Defendants required Plaintiffs and the NY and NJ Class Members' to purchase a truck meeting specific Company-imposed criteria, tools, equipment, and supplies for their work for Defendants.

70.    Defendants failed to reimburse Plaintiffs and the NY and NJ Class Members for their purchase of the trucks, tools, equipment, supplies, and travel-related expenses such as gas and tolls necessary to perform their jobs.

14

71.     Defendants required Plaintiffs and the NY and NJ Class Members to shoulder Defendants' business expenses as a requirement of employment.

72.     Defendants promised to pay Plaintiffs and the NY and NJ Class Members overtime for hours they worked over 40 in a week.

73.     Defendants' stated policy was to pay Plaintiffs and the NY and NJ Class Members overtime wages for hours worked over 40 in a week.

74.     Defendants did not pay Plaintiffs and the NY and NJ Class Members overtime wages for all the hours they worked over 40 in a week.

75.     Defendants did not pay Plaintiffs and the NY and NJ Class Members in compliance with state and federal law.

76.     Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the NY and NJ Class Members.

77.     Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Plaintiffs and the NY and NJ Class Members, minimum wages for all hours worked.

78.     Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Plaintiffs and the NY and NJ Class Members, overtime wages for all work-hours it suffered or permitted in excess of 40 per workweek.

79.     Upon information and belief, Defendants applied the same unlawful policies and practices to Technicians in every state in which they operated.

## FIRST CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT—MINIMUM WAGES)

80.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding

paragraphs.

81.    Defendants failed to pay minimum wages to Plaintiffs in violation of the Fair Labor Standards

Act, 29 U.S.C. §201 et seq. and its implementing regulations.

82.    Defendants' failure to pay the required minimum wage for each hour worked was willful

within the meaning of the FLSA.

83.    Defendants' failure to comply with the FLSA minimum wage protections caused Plaintiffs to

suffer loss of wages and interest thereon.

## SECOND CAUSE OF ACTION
## (FAIR LABOR STANDARDS ACT—OVERTIME WAGES)

84.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding

paragraphs.

85.    Defendants failed to pay overtime wages to Plaintiffs for all hours Plaintiffs worked more

than 40 in a week as required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*

and its implementing regulations.

86.    Defendants' failure to pay proper overtime wages for each hour worked over 40 per week

was willful within the meaning of the FLSA.

87.    Defendants' failure to comply with the FLSA overtime protections caused Plaintiffs to

suffer loss of wages and interest thereon.

## THIRD CAUSE OF ACTION
## (NEW YORK LABOR LAW—MINIMUM WAGES)

88.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding

paragraphs.

89. Defendants failed to pay minimum and overtime wages to the NY Class Members, including Plaintiffs, in violation of New York Labor Law Articles 6 and 19 and their implementing regulations

90. Defendants' failure to comply with New York wage and hour protections caused Plaintiffs and NY Class Members to suffer loss of wages and interest thereon.

## FOURTH CAUSE OF ACTION
## (NEW YORK LABOR LAW—ILLEGAL DEDUCTIONS)

91. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

92. Defendants made unlawful charge backs and deductions from Plaintiffs' and NY Class Members' wages in violation of New York Labor Law § 193.

93. Defendants' failure to comply with New York Labor Law's prohibitions on deductions from wages caused Plaintiffs and NY Class Members to suffer loss of wages and interest thereon.

## FIFTH CAUSE OF ACTION
## (NEW YORK LABOR LAW—ILLEGAL KICKBACKS)

94. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

95. Defendants required Plaintiffs' and NY Class Members' to pay Defendants' business expenses from their wages in violation of New York Labor Law § 198-b.

96. Defendants' failure to comply with New York Labor law's prohibition on kick backs caused Plaintiffs and NY Class Members to suffer loss of wages and interest thereon.

## SIXTH CAUSE OF ACTION
## (NEW YORK CONTRACT LAW)

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding

paragraphs.

98. Defendants promised to pay Plaintiffs' and NY Class Members' overtime wages for all the overtime hours they worked but failed to do so.

99. Defendants' failure to fulfill their promise violated the common law of contract.

100. Defendants' violation of their contractual obligations caused Plaintiffs and NY Class Members to suffer loss of wages and interest thereon.

## SEVENTH CAUSE OF ACTION
## (NEW JERSEY LABOR LAW—MINIMUM WAGES)

101. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

102. Defendants failed to pay minimum and overtime wages to the NJ Class Members, including Plaintiffs, in violation of New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.* and supporting regulations.

103. Defendants' failure to comply with New Jersey wage and hour protections caused Plaintiffs and NJ Class Members to suffer loss of wages and interest thereon.

## EIGHTH CAUSE OF ACTION
## (NEW JERSEY LABOR LAW—ILLEGAL DEDUCTIONS)

104. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

105. Defendants withheld and diverted portions of Plaintiffs' and NJ Class Members' wages in violation of New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1-33.6 and the supporting regulations.

106. Defendants' failure to comply with New Jersey Wage Payment Law caused Plaintiffs and NJ Class Members to suffer loss of wages and interest thereon.

## NINTH CAUSE OF ACTION
### (NEW JERSEY CONTRACT LAW)

107.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

108.   Defendants promised to pay Plaintiffs' and NJ Class Members' overtime wages for all
the overtime hours they worked but failed to do so.

109.   Defendants' failure to fulfill their promise violated the common law of contract.

110.   Defendants' violation of their contractual obligations caused Plaintiffs and NJ Class
Members to suffer loss of wages and interest thereon.

**WHEREFORE,** Plaintiffs request that this Court enter an Order:

1.   Declaring that the Defendants violated the Fair Labor Standards Act;

2.   Declaring that the Defendants' violations of the FLSA were willful;

3.   Granting judgment to Plaintiffs and represented parties for their claims of unpaid
wages as secured by the Fair Labor Standards Act, as well as an equal amount in
liquidated damages;

4.   Awarding Plaintiffs and represented parties interest and their costs and reasonable
attorneys' fees; and

5.   With respect to the New York Class:

   A.   Certifying this action as a class action;

   B.   Designating Plaintiffs as Class Representatives;

   C.   Declaring that the practices complained of herein are unlawful under
appropriate state law;

   D.   Ordering appropriate equitable and injunctive relief to remedy Defendants'
violations of state law, including but not necessarily limited to an order
enjoining Defendants from continuing its unlawful practices;

E.     Awarding damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendants according to proof;

F.     Awarding pre-judgment and post-judgment interest, as provided by law;

G.     Ordering such other injunctive and equitable relief as the Court may deem just and proper; and

H.     Awarding Plaintiffs attorneys' fees and costs of suit, including expert fees and costs.

6.     With respect to the New Jersey Class:

A.     Certifying this action as a class action;

B.     Designating Plaintiffs as Class Representatives;

C.     Declaring that the practices complained of herein are unlawful under appropriate state law;

D.     Ordering appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

E.     Awarding damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendants according to proof;

F.     Awarding pre-judgment and post-judgment interest, as provided by law;

G.     Ordering such other injunctive and equitable relief as the Court may deem just and proper; and

H.     Awarding Plaintiffs attorneys' fees and costs of suit, including expert fees and costs.

Dated:   February 22, 2010

Respectfully Submitted,

Michael J.D. Sweeney (MS 7959)
Carol Richman
GETMAN & SWEENEY, PLLC
9 Paradies Lane
New Paltz, NY 12561
phone: (845)255-9370
fax: (845) 255-8649
Email: dgetman@getmanlaw.com

Brent Pelton
PELTON & ASSOCIATES
111 Broadway, 9th Floor
New York, NY 10006
phone: (212) 385-9700
fax: (212) 385-0800
pelton@peltonlaw.com
ATTORNEYS FOR PLAINTIFFS