UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------- X
ANTHONY MORANGELLI and FRANK : 
ERCOLE, individually and on behalf of others : 
similarly situated, : **MEMORANDUM**
 : **DECISION AND ORDER**
              Plaintiffs, :
 : 10 Civ. 00876 (BMC)
 :
        v. :
 :
CHEMED CORPORATION and ROTO- :
ROOTER SERVICES COMPANY, :
 :
              Defendants. :

----------------------------------------------------------- X

**COGAN,** District Judge

In this Fair Labor Standards Act ("FLSA") collective action, the Court has authorized 40 sample depositions (about 10% of the opt-in plaintiffs) and – over defendants' objections – permitted them to be taken by phone or video. Thirty-one depositions have already been completed. After defendants notified the Court that some of the chosen plaintiffs were declining to appear for their depositions, the Court directed plaintiffs to show cause why those plaintiffs should not have their claims dismissed.

Plaintiffs' counsel now explains that five plaintiffs – Ogami, Morris, Johnson, Jordan, and Sell – refuse to be deposed because they are either current employees of defendant Roto-Rooter, or in the case of Jordan, a former employee hoping to be rehired, and are fearful of retaliation. Plaintiff Stanley has also responded, explaining that he cannot afford to take off time from work. Four others – Wiggins, Hicks, Ash, Gerbino, and Harris – have not responded at all. Plaintiffs argue that none of the claims should be dismissed because the prospective deponents'

absence is not "willful," does not prejudice defendants, and that "[d]ismissing the claims would . . . be contrary to the spirit of the FLSA."  I disagree.

When an individual voluntarily chooses to participate in lawsuit, he takes on the obligation to provide discovery about his claim.  Rule 37(d) of the Federal Rules of Civil Procedure provides for dismissal of an action where a plaintiff fails to appear for his deposition after receiving proper notice.  To be sure, dismissal of an action is a "harsh remedy" that "should be imposed only in rare situations." Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988).  It is appropriate only if the court finds "willfulness, bad faith, or any fault on the part of the prospective deponent" and warns the plaintiff of this potential consequence for non-compliance.  Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990).  Nevertheless, it is a remedy that is necessary for achieving "the purpose of Rule 37 as a credible deterrent rather than a paper tiger."  Update Art, 843 F.2d at 71 (citation and quotation marks omitted).  Thus, courts have employed Rule 37(d) to dismiss FLSA plaintiffs who do not attend their depositions.  See e.g., Martinez v. E&C Painting, Inc., 2008 U.S. Dist. LEXIS 12832 (S.D.N.Y. Feb. 21, 2008); Shaw-Reed v. Children's Outing Ass'n, No. 98-2202, 1999 U.S. App. LEXIS 1229 (7th Cir. Jan. 27, 1999).  And the Second Circuit has time and time again affirmed dismissals pursuant to the Rule.  See e.g., Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298 (2d Cir. 2009).

The authority provided by plaintiffs is not to the contrary.  The cases that they cite merely illustrate one of principals described above – that plaintiffs must be notified before their actions are dismissed pursuant to Rule 37(d).  For instance, in Connell v. City of New York, 230 F. Supp. 2d 432 (S.D.N.Y. 2002), the court *granted* defendant's motion to dismiss, but stayed it for 30 days to provide plaintiff another opportunity to attend his deposition.  Notably, in justifying

giving this second chance, the court found significant plaintiff's hardship in coming to New York for the deposition – a hardship that has been eliminated in this action. Likewise in <u>Ayers v. SGS Control Servs.</u>, 03 Civ. 9078, 2007 U.S. Dist. LEXIS 19634, at *43-44 (S.D.N.Y. Feb. 26, 2007), there was no evidence that plaintiffs were notified of the possibility of dismissal, the defendants appeared satisfied with the depositions of other opt-in plaintiffs, and if they were not satisfied, the court explicitly left open the opportunity to continue seeking those missing deponents. <u>See</u> also, <u>Diaz v. Scores Holding Co.</u>, 07 Civ. 8718, 2008 U.S. Dist. LEXIS 38248, at *20-21 (S.D.N.Y. May 9, 2008) (declining to dismiss claims of plaintiffs who failed to appear for their depositions because, among other reasons, there was no evidence that they were notified of the possibility of dismissal).

Here, all but one of the plaintiffs who have not appeared for their depositions fall into two categories: those who have not responded and those who have but refuse to be deposed for fear of retaliation. As to the latter, the Court has serious doubt that the alleged fear of retaliation is reasonable in this context. Plaintiffs apparently did not fear retaliation enough to stop them from putting their names forward and filing public complaints against their employer. If there was going to be retaliation, that was the act that would make it most likely to occur. It strains credulity to suggest that their involuntary giving of a deposition, pursuant to court order and at defendant's demand, would materially increase their risk.

But even if it did, that would be no excuse to avoid their depositions. The law already protects them. As the notice of the lawsuit they received explains, retaliation is prohibited by the FLSA. <u>See</u> 29 U.S.C. § 215(a)(3); <u>see also</u> <u>Dunlop v. Carriage Carpet Co.</u>, 548 F.2d 139 (6th Cir. 1977) (former employees whose FLSA claims arise out of the employment relationship are protected by § 215). They should also be reassured that this Court would treat any retaliatory

3

response to their participation in this lawsuit with the utmost seriousness, including considering referring the matter to the United States Attorney for criminal prosecution of FLSA violations or even obstruction of justice. See Meek v. U.S., 136 F.2d 679 (6th Cir. 1943) (sustaining conviction for retaliating against employees who filed FLSA claim).

As to the non-responders, plaintiffs' counsel does not know why they have not appeared for their depositions, and apparently, inquiries have failed to yield an answer. Plaintiffs' counsel offers some speculations and suggests that the efficiencies of a collective action make their appearances optional because there are other plaintiffs who can step in to provide defendants with their sample of deponents. I disagree. I see nothing in the nature of collective actions or in the "spirit" of the FLSA that would allow plaintiffs to flout their individual discovery obligations. When the refusal comes following notice and a court order, absent some extraordinary circumstances not shown here, it can be described as nothing other than willful or intentional.

As to plaintiffs' claim that they cannot be dismissed without notice, that is exactly what this Court's Order to Show Cause provided them with. The Court did not dismiss them unilaterally based on their failure to appear, but invited them to show cause why their claims should not be dismissed. Those who allegedly fear retaliation, at least, have responded. Although the Court would be within its discretion in dismissing their claims now, it will allow one final opportunity for them to cure their failure to appear.

I have considered alternative remedies, but given the categorical refusal or non-response of the plaintiffs, I find only the sanction of dismissal appropriate. Accordingly, all the depositions must be taken by January 21, 2011. Any noticed plaintiffs who do not appear will have their claims dismissed with prejudice. In Stanley's case – the prospective deponent who

cannot afford to take time off from work – the deposition will be taken during an evening or weekend of his choosing, by telephone, and will be limited to two hours.

If any of the claims are dismissed, defendants, having already deposed 31 plaintiffs, may not seek to substitute deponents.

X  Brian M. Cogan
Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
January 1, 2011