UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
ANTHONY MORANGELLI et al.,                                  :
                                                            :
                        Plaintiffs,                         :   **MEMORANDUM**
                                                            :   **DECISION AND ORDER**
            -against-                                       :
                                                            :   10 Civ. 0876 (BMC)
CHEMED CORPORATION et al.,                                  :
                                                            :
                        Defendants.                         :
                                                            :
----------------------------------------------------------- X

**COGAN,** District Judge**.**

      Before me is defendants' motion for partial reconsideration of the Court's Order certifying a nationwide class. Familiarity with that decision and the background of this litigation is presumed. The Court certified a class of service technicians on claims for (1) imposing business expenses on the technicians; (2) failing to compensate them for time shaved from their actual hours of work, time spent at turn-in and other meetings, and time spent maintaining their vans and work equipment; and (3) taking deductions from the technicians' wages. In certifying the class, I recognized that individualized proof would be necessary to establish liability for the first two claims but concluded that given the efficiency with which that could be done – through records – the issues requiring generalized proof predominated over those that require individualized proof.

      The instant motion concerns only the second claim, and only part of it; defendants argue that the Court overlooked plaintiffs' concession that establishing liability for time spent on maintenance of vans and tools is impossible without individual testimony. Plaintiffs disagree that the Court overlooked anything – the argument that this aspect of the uncompensated hours claim was unique for purposes of class certification, plaintiffs argue, was never made. They

contend that even if the Court were to reconsider this point, class certification continues to be appropriate because it was the nationwide policy of requiring maintenance but not providing a way for it to be compensable that is the crux of the issue.

The standard for reconsideration is "strict" and must be based on data or authority the Court overlooked, see <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995), rather than on "new facts, issues, or arguments not previously presented." See <u>Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.</u>, 265 F.3d 97, 115 (2d Cir. 2001). Plaintiffs argue that the instant motion falls in the latter category. I disagree. Defendants' statement of facts in their opposition for class certification treated the relevant claim for uncompensated hours separately, citing deposition testimony from plaintiffs to indicate that some performed their maintenance work on the clock, while others did not. Their argument section did not make the same distinction, attempting to defeat class certification for the uncompensated hours claim in one fell swoop. But the argument that issues requiring individualized proof predominated was still made, even if it was not pressed as cleanly as it could have been with respect to each aspect of this claim. Thus, I will reconsider defendants' argument as it relates to tool and van maintenance.

Defendants' argue that the very nature of this claim – one that they now label the "Van and Equipment Time Claim" – requires a "parade" of witnesses called to testify that they performed these tasks off the clock. Defendants' Rule 30(b)(6) witness Gary Sander admitted, however, that maintenance work is included in the general duties of a commissioned technician's job and that prior to a new policy, if they performed this work outside of their branch office, there was no clear way for them to record the time. Without more, I would have rejected defendants' assertion that much testimony would be required – if a job includes tasks that, as a practical matter, cannot always be performed at the office and is not compensated otherwise,

representational testimony and a defendant's Rule 30(b)(6) witness may be all that would have been needed. Indeed, Sander appeared to concede that defendants do not consider van maintenance time to be compensable and that that only "minor maintenance" could be done on vans during the compensable "stand-by time."[1]

But there is more. Sander also explained that the time spent on tool maintenance would be registered as stand-by time by someone at the branch office. If done outside of the office, that time could still be recorded but someone at the office would have to input it, again coding it as stand-by time. And in practice, it appears that some technicians were able to perform both van and tool maintenance on stand-by time.[2] To be sure, the testimony suggests that not all of this

---

[1] "Q. If the technicians spent time maintaining their vans outside of their scheduled hours, should that time have been recorded on the timekeeping system?
A. Not necessarily.
Q. And why not?
A. It's his van.
Q. So, am I correct in saying that because Roto-Rooter considered the van the technician's van, the time the technician spent working on that van was not considered compensable time by Roto-Rooter?
A. Generally speaking, I would say no.
Q. Are there exceptions to that rule?
A. I could envision a technician, during their stand-by period when things are slow, doing some -- or getting some minor maintenance done to his van….
Q. If the technician had to take that van to a body shop and get the body work done, would the time that the technician dedicated to bringing the van to the shop and the time he had to spend making sure the body work got done, would that time be considered compensable time by Roto-Rooter?
A. I wouldn't know, sir.
Q. You wouldn't consider it compensable time, is that right?
A. That's right."

[2] Christian Cruz testimony:
"Q: Are you on stand-by time when you maintain your truck? A: Yes, ma'am."
Leka Drejaj:
    A: I clean the machine and the van , I waste a lot of WD-40s on those things.
    Q: And this is during stand-by time?
    A: Yes, ma'am. . . .
    Q: Do you ever maintain your tools during stand-by time?
    A: Yes, ma'am . . . .
David Lawson:
    A: . . . You know, clean my van or whatever, you know. Even if I have an oil change or wash it, I'm still on stand-by.
    Q: So you take care of all of that while you are on stand-by time, correct?
    A: Right. . . .
    A: Any kind of work I do on my maintenance for my machines or anything like that is on stand-by time.

3

work was compensated even for those technicians who admitted to regularly performing it on the clock.[3] But faced with evidence suggesting that some of the technicians may have been able to squeeze all of their maintenance time on stand-by time, plaintiffs have not provided testimony to the contrary, making this issue not just about damages, but about liability. Technicians would therefore have to testify at trial either during plaintiffs' case-in-chief to show that as a matter of practice, not all maintenance could be performed on stand-by time or by defendants would have to offer testimony to show that it could. See 1 Joseph M. McLaughlin, McLaughlin on Class Actions § 5:23 (6th ed. 2010) (the predominance inquiry should take into consideration affirmative defenses).

Thus, plaintiffs' contention that the legality of the "policy of assigning maintenance tasks and not treating them as work time" is a question that can be determined for the class "without the need of individual testimony or work records" is without merit. Plaintiffs have not pointed to an affirmative policy by defendants of not compensating for this work; quite the contrary, Sander acknowledges that maintenance tasks have been compensated through stand-by time. The question is again about practice, and how the policy of not providing an easy way to receive compensation for time spent on maintaining technicians' vans and tools leads to the practice of not compensating for this work. As defendants have shown, that effect is different on individual technicians, requiring even the question of liability to be resolved through a highly individualized inquiry. See In re Initial Pub. Offering Sec. Litig., 471 F.3d 24, 52-53 (2d Cir.

---

[3] Antoine Rosime:
"A: Sometimes. Some tech do it. Sometimes I did. Q: You did that sometimes? A: Yes."
Steven Hess:
"Q: Are you ever on the clock when you are cleaning your van? A couple of times, I have been on the clock."
Levoid Bradley:
A" If I had time to do it. If I felt I was going to be on stand-by that long, yeah, I would."

2006) (inquiry into the merits of the case is appropriate when there is an overlap with a Rule 23 requirement).

The prospect of substantial individual testimony tips the scale for the predominance inquiry against class certification. As the Court observed in the previous Order, and is as apparent in this discussion, there are many commonalities that unite the class with respect to this claim, including the type of commonalities that can "generate common answers" through classwide resolution. Wal-Mart Stores, Inc. v. Dukes, No. 10-277, 2011 U.S. LEXIS 4567, at *20 (S. Ct. June 20, 2011) (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N. Y. U. L. Rev. 97, 132 (2009)). These common elements outnumber the individualized question. But the predominance inquiry is not mechanical, see 2 Alba Conte, William B. Rubenstein & Herbert Newberg, Newberg on Class Actions § 4:25 (4th ed. 2011) ("the predominance requirement is not a numerical test that identifies every issue in the suit as suitable for either common or individual treatment and determines whether common questions predominate by examining the resulting balance on the scale"); it is "pragmatic." C. Wright, A. Miller & E. Cooper, 17A Federal Practice and Procedure 3d § 1778 (2011). And as a practical matter, establishing liability for uncompensated hours for maintenance work would require separate adjudication of each plaintiff to ascertain whether he was able to perform that work on stand-by time.

For the foregoing reasons, defendants' Motion for Reconsideration [207] is GRANTED. The definition of the class is amended to exclude a claim for uncompensated hours for maintaining plaintiffs' vans and work equipment.

**SO ORDERED.**                         Signed electronically/Brian M. Cogan
                                                              U.S.D.J.

Dated: July 8, 2011
Brooklyn, New York

5