UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

ANTHONY MORANGELLI, FRANK ERCOLE, JASON CASTILLO, STEVE MCMAHON, EVENS SAINT JUSTE, JEFFREY GORMAN, TERRY LOETSCHER, JAMES SABAS, FRANK POCZOK, STEVEN HESS, FRITZ JEUDY, ALAN KENNEDY, LAWRENCE RICHARDSON, SHILO CAIN, FREDERICK WIGGINS, DANIEL HODGES, JR., JAMES HARRIS and BRYON E. FRAZIER-SMITH, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CHEMED CORPORATION and ROTO-ROOTER SERVICES COMPANY,

Defendants.

---------------------------------------------------------------- x

10 Civ. 0876 (BMC)

**DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' THIRD SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules"), defendants Chemed Corporation ("Chemed") and Roto-Rooter Services Company (Roto-Rooter") (together, "Defendants"), by their attorneys Kramer Levin Naftalis & Frankel LLP, submit the following responses and objections to Plaintiffs' Third Set of Interrogatories dated August 3, 2011 (the "Interrogatories") as follows:

**GENERAL OBJECTIONS**

Defendants object generally to the Interrogatories to the extent specified below. All of the responses that follow are made subject to these objections. These responses and objections are based on present knowledge and, accordingly, are subject to additional or different information that discovery or further investigation may disclose.

1. In providing responses to the Interrogatories, Defendants do not in any way waive or intend to waive, but rather intend to preserve and do preserve:

(a) All objections as to relevancy, materiality, competency, privilege, confidentiality, authenticity and admissibility;

(b) All objections as to over breadth, oppressiveness and undue burden;

(c) All rights to object on any ground to the use of any of the information produced in response hereto in any proceedings, including the hearing of this or any other action;

(d) All objections as to vagueness and ambiguity;

(e) All rights to object on any ground to any further requests involving or relating to any of the paragraphs in the Request; and

(f) All rights at any time to revise, correct, supplement or clarify the responses and objections propounded herein.

2. Defendants object to the interrogatories, instructions and definitions in the Interrogatories to the extent that they purport to impose obligations broader in scope than those imposed by the Federal Rules or the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), and Defendants expressly disclaim any obligation to do more than is required by such rules.

3. Defendants object to the Interrogatories to the extent they call for the production of information or documents protected by the attorney client privilege, the work product doctrine immunity, or any other applicable privilege or immunity. Inadvertent disclosure of such information shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information.

4. Defendants object to the Interrogatories to the extent they seek production of information or documents that are not within their possession, custody or control.

5. Defendants object to the Interrogatories to the extent they seek information or documents that are in Plaintiffs' possession or which Plaintiffs can obtain from a source other than Defendants where the production of such information or documents by such other source would be less burdensome and/or costly from such other source than the requested production would be to Defendants.

6. Defendants object to the Interrogatories to the extent that they call for the production of information or documents that constitute, in whole or in part, confidential or proprietary information or information of a private nature. Such information will be provided only upon the execution of an appropriate confidentiality stipulation.

7. Defendants object to the Interrogatories to the extent that any individual interrogatory is duplicative of other interrogatories. Defendants will provide responsive information and documents, but will not provide multiple responses and/or copies of documents that are responsive to more than one interrogatory.

8. Defendants object to each interrogatory, instruction and definition in the Interrogatories to the extent that it is unduly burdensome, vague, ambiguous, overly broad, lacks specificity, or seeks information that is not relevant to any parties' claims or defenses.

9. Defendants object to each and every interrogatory, definition and instruction contained in the Interrogatories to the extent that any such interrogatory, definition or instruction contains inaccurate, incomplete or misleading descriptions of the facts, events and pleadings underlying this action. The production of any documents or

information shall not constitute Defendants' agreement with or acquiescence to any such description.

10. Each of the above General Objections shall be deemed to apply, where appropriate, to Defendants' responses set forth below notwithstanding the fact that Defendants have supplied answers to the Interrogatories. Defendants reserve their right to supplement their document production from time to time in the event that they discover further documents responsive to Plaintiffs' interrogatories and also reserves their right to supplement any response or objection herein.

11. Defendants' production of any information and/or documents is not a waiver of any of the objections set forth herein or an admission or acknowledgement that such material is relevant to the subject matter of this action. Further, these responses are without prejudice to and not a waiver of (a) Defendants' right to contend at trial or any other proceeding in this action that such material is inadmissible, irrelevant, immaterial, or not a proper basis for discovery; and (b) any objection by Defendants to any future use of such material that Plaintiffs may attempt to make. In addition, these responses are made solely for the purposes of this action.

12. Defendants object to Instruction C to the extent it states that if Defendants "make an objection and provide an answer or response, the answer or response will be understood to waive the objection and it will be understood to be a full answer with no withholding based on the objection (unless the scope of withholding is fully specified.)" Defendants' willingness to provide any answer or response shall not constitute a waiver of any objections.

13. Defendants object to Definition B to the extent it purports to impose obligations broader in scope than those imposed by the Federal Rules or the Local Rules.

14. Defendants object to Definition I to the extent it seeks identification and/or production of information that is not within their possession, custody or control, and/or that is protected from discovery by the attorney-client privilege, the work product doctrine or another other applicable privilege or immunity from discovery.

15. Defendants object to Definition J to the extent it seeks identification and/or production of information that relates to "Plaintiffs that have opted into the FLSA action and Rule 23 classes that are certified by the Court." Throughout this litigation, as directed by the Court, the parties have engaged in representative discovery and therefore Defendants object to identifying and or producing information that relates to anyone other than the thirty-nine identified representative plaintiffs.

**RESPONSES & OBJECTIONS TO INDIVIDUAL INTERROGATORIES**

**Interrogatory No. 1**

For each branch or satellite office, please indicate whether Commissioned Technicians were required to attend a regular office meeting and if so, when the regular office meeting took place.

**Response to Interrogatory No. 1**

Defendants object to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and seeks information not relevant to any parties' claims or defenses. Defendants further object to this interrogatory to the extent it seeks information that does not relate to the thirty-nine discovery representatives.

Subject to and without waiving the foregoing objections, with respect to the branches at which at least one of the thirty-nine discovery representatives worked, Defendants state as follows:

- Atlanta: Technicians in the Atlanta branch are expected to attend a regularly scheduled branch meeting. The branch meeting usually occurs at 7:30 a.m. on the

second Thursday of each month. Previously, the branch meeting usually occurred at 7:00 a.m. on Wednesdays.

- Boston: Technicians in the Boston branch are not expected to attend a regularly scheduled branch meeting.
- Bridgeport: Technicians in the Bridgeport branch are expected to attend a branch meeting, however, the branch meeting time varies and it is not regularly scheduled on any particular day or time.
- Charlotte: Technicians in the Charlotte branch are not expected to attend a regularly scheduled branch meeting.
- Chicago North: Technicians in the Chicago North branch are expected to attend a regularly scheduled branch meeting. Since January 2011, the branch meeting has usually occurred once a month at 5:00 p.m. on a Tuesday and 7:30-8:00 a.m. on a Wednesday, but technicians are expected to attend at only one of those times.
- Chicago South: Technicians in the Chicago South branch are expected to attend a regularly scheduled branch meeting. Since January 2011, the branch meeting usually has usually occurred once a month at 5:00 p.m. on a Tuesday and 7:30-8:00 a.m. on a Wednesday, but technicians are expected to attend at only one of those times.
- Cleveland: Technicians in the Cleveland branch are expected to attend a regularly scheduled branch meeting. The branch meeting usually occurs at 7:30 a.m. on the first and third Thursdays of each month. Previously, the branch meeting usually occurred at 7:30 a.m. on every third Wednesday.
- Colorado Springs: Technicians in the Colorado Springs satellite branch office are expected to attend a regularly scheduled branch meeting. The branch meeting usually occurs at 6:30 a.m. on the first Thursday of each month.

- Columbus: Technicians in the Columbus branch are expected to attend a regularly scheduled branch meeting. The branch meeting usually occurs every other Tuesday at 5:00 p.m. and every other Wednesday at 7:30 a.m., but technicians are expected to attend at only one of those times.

- Dayton: Technicians in the Dayton branch are expected to attend a regularly scheduled branch meeting. Since at least July 2010, the branch meeting has usually occurred every other Tuesday at 6:00 p.m. and every other Wednesday at 7:30 a.m., but technicians were only expected to attend at one of those times.

- Denver: Technicians in the Denver branch are expected to attend a regularly scheduled branch meeting. The branch meeting usually occurs at 6:30 a.m. on the first Thursday of each month.

- Ft. Lauderdale: Technicians in the Ft. Lauderdale branch are not expected to attend a regularly scheduled branch meeting.

- Hawaii: Technicians in the Hawaii branch are expected to attend a branch meeting, however, the branch meeting time varies and it is not regularly scheduled on any particular day or time.

- Houston: Technicians in the Houston branch are expected to attend a regularly scheduled branch meeting. Since July 2011, the branch meeting usually occurs at 7:00 a.m. on the first Friday of each month. Prior to July 2011, the branch meeting usually occurred at 7:00 a.m. on every other Friday, but it was not uncommon to skip a Friday.

- Indianapolis: Technicians in the Indianapolis branch are expected to attend a regularly scheduled branch meeting. For at least approximately the last four years, the branch meeting usually occurred at 7:30 a.m. on every other Wednesday.

- Jacksonville: Technicians in the Jacksonville branch are expected to attend a regularly scheduled branch meeting. Since at least approximately September 2009, the branch meeting usually occurred at 7:30 a.m. on the second Thursday of each month.

- Long Island: Technicians in the Long Island branch are expected to attend a regularly scheduled branch meeting. The branch meeting usually occurs approximately once a month at 5:30 p.m. on a Tuesday and 10:30 a.m. on a Wednesday, but technicians are expected to attend at only one of those times.

- Menlo Park: Technicians in the Menlo Park branch are expected to attend a regularly scheduled branch meeting. For at least approximately the last four years, the branch has meeting usually occurred at 7:30 a.m. on the last Thursday of each month.

- Miami: Technicians in the Miami branch are not expected to attend a regularly scheduled branch meeting.

- Middlesex: Technicians in the Middlesex branch are expected to attend a regularly scheduled branch meeting unless the meeting occurs during a scheduled day off. The branch meeting usually occurs at 8:00 a.m. on the second Wednesday of each month.

- Minneapolis: Technicians in the Minneapolis branch are not expected to attend a regularly scheduled branch meeting.

- New Orleans: Technicians in the New Orleans branch are expected to attend a regularly scheduled branch meeting. The branch meeting usually occurs at 5:00 p.m. on the second Tuesday of each month.

- New York: Technicians in the in the New York branch are expected to attend a branch meeting. Since February 2011, the branch meeting usually occurs approximately once every eight weeks, although the day and time varies.

- Norfolk: Technicians in the Norfolk branch are not expected to attend a regularly scheduled branch meeting.

- Raleigh: Technicians in the Raleigh branch are expected to attend a regularly scheduled branch meeting. For at least approximately the last six years, the branch meeting usually has occurred at 5:30 p.m. on the second Tuesday of each month and 7:30 a.m. on the second Wednesday of each month, but technicians are expected to attend at only one of those times.

- Saint Louis North: Technicians in the Saint Louis North branch are expected to attend a regularly scheduled branch meeting. For approximately the past two years, the branch meeting has usually occurred at 7:00 a.m. on the second Thursday of each month. Prior to that, the branch meeting usually occurred at 7:00 a.m. on the third Thursday of each month.

- Seattle North: Technicians in the Seattle North branch are expected to attend a regularly scheduled branch meeting. The branch meeting usually occurs at 7:00 a.m. on the first Wednesday of each month.

- Tacoma: Technicians in the Tacoma branch are expected to attend a regularly scheduled branch meeting. Since at least approximately February 2010, the branch meeting has usually occurred from 7:00 a.m. until 8:00 a.m. on the first Wednesday of each month.

- Westchester: Technicians in the Westchester branch are not expected to attend a regularly scheduled branch meeting.

**Interrogatory No. 2**

Please identify each instance in which Roto-Rooter took a callback or other OPCC from a Plaintiff's non-commission wages (e.g. hourly wages, vacation pay, workers' compensation pay, etc.)

**Response to Interrogatory No. 2**

Defendants object to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and seeks information not relevant to any parties' claims or defenses. Defendants further object to this interrogatory to the extent it seeks information that does not relate to the thirty-nine discovery representatives.

Subject to and without waiving the foregoing objections, defendants state that they are not aware of any instances in which Defendants took a call back or other OPCC from a technician's non-commission wages.

**Interrogatory No. 3**

Please provide the method and equation for calculating Plaintiffs' van depreciation and the location of records of van original purchase date and price and original lease date and lease payment.

**Response to Interrogatory No. 3**

Defendants object to this interrogatory on the grounds that it is vague, overly broad, unduly burdensome, and seeks information not relevant to any parties' claims or defenses. Defendants further object to this interrogatory to the extent it seeks information that does not relate to the thirty-nine discovery representatives.

Subject to and without waiving the foregoing objections, defendants state (i) to the extent a technician submitted van purchase and lease documentation, that documentation is kept in the technician's personnel file and data regarding van purchase price and date and lease date and lease payment is stored in JD Edwards until a technician terminates his employment; and (ii) technicians' vehicles are depreciated at the following rates over a five year period:

1st year = 35.0%

2nd year = 26.0%

3rd year = 15.6%

4th year = 11.7%

5th year = 11.7%

The amount of depreciation each year is spread over 52 weeks.

**Interrogatory No. 4**

Please list all Plaintiffs who were required to provide a van themselves for their work for Roto-Rooter at anytime during the claim period applicable to the state in which the class member worked.

**Response to Interrogatory No. 4**

Defendants object to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information not relevant to any parties' claims or defenses. Defendants further object to this interrogatory to the extent it seeks information that does not relate to the thirty-nine discovery representatives.

Subject to and without waiving the foregoing objections, Defendants state that it is impossible for them to list with any level of precision all discovery representatives who used a vehicle that he either owned or leased because (i) database records regarding technicians' vehicle purchase/lease are not maintained after an employee terminates his employment and (ii) vehicle purchase/lease data would only exist if a particular technician submitted to defendants information regarding his vehicle purchase/lease and not all technicians do so. That said, Defendants records reflect that David R. Najmon and Louis E. Hollister each used at some point during their employment a vehicle that they owned.

Dated: New York, New York
September 6, 2011

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: ______________________
Robert N. Holtzman
Kerri Ann Law
Jared I. Heller

1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
rholtzman@kramerlevin.com
klaw@kramerlevin.com
jheller@kramerlevin.com

***Attorneys for Defendants***

To: Michael J.D. Sweeney, Esq.
GETMAN & SWEENEY, PLLC
9 Paradies Lane
New Paltz, New York 12561
(845) 255-9370

***Attorneys for Plaintiffs***