UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————— x
ANTHONY MORANGELLI, FRANK ERCOLE, :
JASON CASTILLO, STEVE MCMAHON, :
EVENS SAINT JUSTE, JEFFREY GORMAN, :
TERRY LOETSCHER, JAMES SABAS, FRANK : 10 Civ. 0876 (BMC)
POCZOK, STEVEN HESS, FRITZ JEUDY, :
ALAN KENNEDY, LAWRENCE RICHARDSON, :
SHILO CAIN, DINO BRANCO, FREDERICK :
WIGGINS, DANIEL HODGES, JR., JAMES :
HARRIS, BRYON E. FRAZIER-SMITH and :
LEVOID BRADLEY, individually and on behalf of :
all others similarly situated, :
                      Plaintiffs, :
 :
                   v. :
 :
CHEMED CORPORATION and ROTO-ROOTER :
SERVICES COMPANY, :
 :
                    Defendants. :
———————————————————————— x


         Memorandum of Law in Support of Defendants'
               Motion for Partial Reconsideration


**KRAMER LEVIN NAFTALIS & FRANKEL** LLP
1177 AVENUE OF THE AMERICAS · NEW YORK NY 10036

# TABLE OF CONTENTS

Page

Table of Authorities ..................................................................................................................... ii

Argument ........................................................................................................................................1

I. Reconsideration of the Order's Denial of Summary Judgment on the Turn-in Claim in California is Warranted ............................................................................2

II. Reconsideration of the Denial of Defendants' Motion for Summary Judgment Dismissing the Time-Shaving Claims in California, Connecticut, Indiana, Missouri and Washington is Warranted ................................................................3

III. Reconsideration of the Order's Denial of Defendants' Motion for Decertification of the Time-Shaving Claims is Warranted ............................................................5

Conclusion ......................................................................................................................................9

KL3 2915124.2

# TABLE OF AUTHORITIES

Page

CASES

*Brickey v. Dolgencorp., Inc.*,
   272 F.R.D. 344 (W.D.N.Y. Feb. 23, 2011) ................................................................................7

*Cortez v. Best Buy Stores, LP*,
   No. CV 11-05053 SJO, 2012 WL 255345 (C.D. Cal. Jan. 25, 2012) ........................................7

*In re Bayer Corp. Combination Aspirin Prod. Mktg. and Sales Practices Litig.*,
   No. 09-md-2023 (BMC), 2012 WL 4747441 (E.D.N.Y. Oct. 4, 2012) .....................................1

*Nisanov v. Black & Decker (U.S.) Inc.*,
   No 05. Civ. 5911 (BMC)(SMG), 2008 WL 2185910 (E.D.N.Y. May 23, 2008) ......................1

*Ordonez v. Radio Shack, Inc.*,
   No. CV 10-7060-CAS, 2013 WL 210223 (C.D. Cal. Jan. 17, 2013) ........................................6

*Wal-Mart, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011) ...............................................................................................................6

Defendants Chemed Corporation[1] and Roto-Rooter Services Company respectfully submit this memorandum of law in support of their motion, pursuant to Local Rule 6.3, for partial reconsideration of the Court's Memorandum Decision and Order entered on February 4, 2013 (Docket No. 261) (the "Order"). Specifically, defendants seek reconsideration of the Order to the extent it denied defendants' motion for (i) summary judgment dismissing plaintiffs' Turn-in Claim in California; (ii) summary judgment dismissing plaintiffs' Time-Shaving Claims in California, Connecticut, Indiana, Missouri and Washington; and (iii) decertification with respect to the collective action and state class action Time-Shaving Claims.

## Argument

A motion for reconsideration under Local Rule 6.3 should be granted "when the moving party has shown that the Court overlooked controlling law or facts that were put before it, which, had they been considered, would have altered the disposition of the underlying motion." *Nisanov v. Black & Decker (U.S.) Inc.*, No 05. Civ. 5911 (BMC)(SMG), 2008 WL 2185910, at *1 (E.D.N.Y. May 23, 2008) (Cogan, J.) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995); *see also In re Bayer Corp. Combination Aspirin Prod. Mktg. and Sales Practices Litig.*, No. 09-md-2023 (BMC), 2012 WL 4747441, at *1 (E.D.N.Y. Oct. 4, 2012) (Cogan, J.) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.") (internal quotations and citations omitted).

Under this standard, defendants submit that reconsideration of the Order is appropriate to the extent it denied defendants' motion for (i) summary judgment on plaintiffs' Turn-in Claim in California; (ii) summary judgment on plaintiffs' Time-Shaving Claims in California,

---

[1] The Court dismissed all of plaintiffs' claims against Chemed. (Order at 9).

Connecticut, Indiana, Missouri and Washington; and (iii) decertification with respect to the collective action and state class action Time-Shaving Claims.

I.    Reconsideration of the Order's Denial of Summary Judgment
      on the Turn-in Claim in California is Warranted

The Court should reconsider its decision to deny summary judgment dismissing plaintiffs' Turn-in Claim in California because it appears the Court overlooked that there is no evidence of even a single incident in which a California technicians' turn-in time was improperly recorded. In their moving papers, defendants argued that summary judgment was appropriate on that claim because plaintiffs:

> [D]o not identify *any* occasion on which Discovery Plaintiffs in [California] performed turn-in that was not accurately recorded as working time. Indeed, plaintiffs have not identified *any* instances on Exhibit B [to their responses to defendants' interrogatories] for Jason Castillo, the California class representative . . . or John Yasuna, a Discovery Plaintiff who worked in . . . California.

(Docket No. 243 at 45 (emphasis added)). Plaintiffs failed entirely to respond to this argument and their papers did not identify any evidence at all to support their Turn-in Claim in California.[2]

The Court relied upon a similar evidentiary deficiency in dismissing plaintiffs' Business Expense Claim in California for the period after January 14, 2008. With respect to that claim, as the Court recounted, defendants argued that summary judgment was proper because plaintiffs "have not identified . . . a single week after January 14, 2008 in which a California technician contends he incurred business-related expenses that had the effect of bringing his wages below the minimum wage," and plaintiffs failed to respond to that argument. (Order at 13). Consequently, the Court granted summary judgment dismissing the claim because plaintiffs'

---

[2] The California Turn-in Claim thus differs from the Turn-in Claim in other class states because, as the Court found, plaintiffs offered at least *some* evidence to support the Turn-in Claim in other class states. (*See* Order at 52).

interrogatory responses did "not reveal[] any weeks after January 14, 2008 for which a California technician failed to earn the minimum wage because of incurred business expenses." (*Id.* at 13). In so holding, the Court stated:

> The law is clear that, on summary judgment, the burden on the moving party may be discharged by showing – that is pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case. At the summary judgment stage, a nonmoving party must offer some hard evidence showing that its version of the events is not wholly fanciful. At this stage, the time has come for plaintiffs to put up or shut up. Plaintiffs have not carried their burden.

(*Id.* at 14 (internal quotations and citations omitted)).

This reasoning applies with equal force to plaintiffs' Turn-in Claim in California. The fact that the Court granted defendants' motion concerning plaintiffs' Business Expense Claim in California but denied defendants' motion concerning the Turn-in Claim in California – when the same evidentiary deficiency exists for both claims – suggests that the Court overlooked that the record is entirely devoid of any evidence to support the latter. Accordingly, defendants respectfully submit that the Court should reconsider its decision to deny defendants' motion for summary judgment dismissing the California Turn-in Claim and, upon reconsideration, dismiss that claim.

II. Reconsideration of the Denial of Defendants' Motion for Summary Judgment Dismissing the Time-Shaving Claims in California, <u>Connecticut, Indiana, Missouri and Washington is Warranted</u>

In the Order, the Court narrowed plaintiffs' Time-Shaving Claim to only those instances of time-shaving that plaintiffs claim to be able to identify by applying their Query 4. (Order at 51). That decision renders appropriate reconsideration of the denial of summary judgment with respect to the Time-Shaving Claims asserted in California, Connecticut, Indiana, Missouri and Washington, for which no evidentiary support exists.

As the Court correctly understood, Exhibit A to plaintiffs' interrogatory responses includes the instances identified by plaintiffs' Queries 1 through 4 that they contend show time-shaving. (*Id.* at 46). Plaintiffs, however, did not delineate Exhibit A to reflect which of the four queries resulted in a particular entry's inclusion. As a consequence, there was no absolutely no evidence before the Court showing either how many Query 4 entries actually appeared on Exhibit A – or indeed, whether there were any at all – or that plaintiffs have any proof that time-shaving occurred in each of the class states.

On February 6, 2013, after the Court limited the Time-Shaving Claim to Query 4 instances only, defendants requested from plaintiffs a list of those instances of alleged time-shaving that plaintiffs identified by applying Query 4. Plaintiffs provided it (the "New Exhibit," which is attached as Exhibit A) on February 13, 2013.

The New Exhibit reveals that plaintiff's Query 4 did not, in fact, identify any instances of alleged time-shaving in several of the class states. In addition to containing a *total* of just fifty-seven entries, the New Exhibit reflects that Query 4 did not identify any instances of supposed time-shaving for any of the Discovery Plaintiffs from California (Jason Castillo and John Yasuna), Indiana (Steven Hess), Missouri (LeVoid Bradley and Christopher Van Horn) or Washington (Bryon Frazier-Smith and Joshua Mills).[3] Moreover, the only entries relating to a Discovery Plaintiff from Connecticut are for Louis Hollister. But the two entries for Mr. Hollister are both from before February 25, 2008, the cutoff date for the Connecticut class period, and thus plaintiffs have not identified any alleged instance of time-shaving in Connecticut during the class period. Thus, the same evidentiary deficiency discussed above

---

[3] The New Exhibit also does not identify any entries for the Discovery Plaintiffs from Hawaii, but the Court has already dismissed the Time-Shaving Claim for that state on other grounds. (Order at 11).

- 4 -

KL3 2915124.2

regarding the California Turn-in Claim exists for the Time-Shaving Claim in California, Connecticut, Indiana, Missouri, and Washington – that is, plaintiffs have failed to present any evidence whatsoever that time shaving occurred in any of these states – and summary judgment should therefore have been granted with respect to those claims.

Relatedly, the New Exhibit shows that plaintiffs claim to have evidence of time-shaving for only fifteen of the thirty-nine Discovery Plaintiffs – they allege no instances of time-shaving with respect to the remaining twenty-four Discovery Plaintiffs. Consistent with the Order, to the extent there are no alleged instances of time-shaving identified on the New Exhibit for particular Discovery Plaintiffs, the FLSA and state Time-Shaving Claims of these twenty-four individuals, as well as those of Mr. Hollister, the Connecticut representative whose two alleged incidents of time-shaving both occurred outside the applicable statutes of limitations periods, should be dismissed.[4] (*See* Order at 56-57 ("If there is no evidence that a plaintiff – whether a Discovery Plaintiff, a class representative, or both – suffered an alleged injury within the relevant limitations period, that plaintiff's claim must be dismissed on summary judgment.")).

III. Reconsideration of the Order's Denial of Defendants' Motion for Decertification of the Time-Shaving Claims is Warranted

Reconsideration of the decision not to decertify the Time-Shaving Claims in their entirety also is appropriate. It appears the Court overlooked the fact that it is uncontested that Roto-Rooter's written time keeping policies require technicians' work time to be accurately recorded and that there is no national policy encouraging time-shaving. Instead, plaintiffs claim that local management at some branches violated the national policy prohibiting time-shaving. Indeed, as the Court stated in its class certification order:

---

[4] Mr. Hollister filed his opt-in form on September 20, 2010. (Docket No. 130). The two incidents alleged both occurred more than three years earlier, outside any applicable statute of limitations.

- 5 -

KL3 2915124.2

> What plaintiffs complain of in this action are practices of time-shaving among branch offices . . . . But that's practice, not policy. To suggest that there is a national policy is to pretend that there is an easy common target, and to make the question of certification less difficult than it is.

(Docket No. 203 at 20) ("Class Certification Order"). Nonetheless, citing to *Wal-Mart, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), the Court held in the Order that "[t]he fact that some Discovery Plaintiffs were not affected by the purported time-shaving practice or were affected to different extents does not undermine plaintiffs' ability to establish liability . . . through generalized proof." (Order at 44).

In *Dukes*, however, the Supreme Court held that company-wide data about practices at the regional level did not provide the proof necessary to satisfy the commonality requirement of Rule 23 for nationwide claims. Specifically, in rejecting a statistician's region-by-region analysis allegedly demonstrating that Wal-Mart managers across the country exercised their discretion similarly, the Supreme Court stated that "[e]ven if they are taken at face value, these studies are insufficient to establish that respondents' theory can be proved on a classwide basis." *Dukes*, 131 S. Ct. at 2555. That is because "information about disparities at the regional and national level does not establish the existence of disparities at individual stores, let alone raise the inference that a company-wide policy . . . is implemented by discretionary decisions at the store and district level." *Id.* (internal quotations and citation omitted). "A regional pay disparity, for example, may be attributable to only a small set of . . . stores, and cannot by itself establish the uniform, store-by-store disparity upon which plaintiffs' theory of commonality depends." *Id.* Accordingly, "[d]emonstrating the invalidity of one manager's use of discretion will do nothing to demonstrate the invalidity of another's." *Id* at 2554.

Under *Dukes*, "[w]ithout evidence of a uniform policy, there is no common issue required for certification of an off-the-clock class." *Ordonez v. Radio Shack, Inc.*, No. CV 10-7060-CAS,

2013 WL 210223, at *8 (C.D. Cal. Jan. 17, 2013) ("Plaintiffs offer insufficient evidence that any alleged off-the-clock work was due to a standardized employment practice, rather than a product of the vagaries of the store an employee worked in, the time of year, or the manager who was in charge"); *see also Cortez v. Best Buy Stores, LP*, No. CV 11-05053 SJO, 2012 WL 255345, at *9 & n.5 (C.D. Cal. Jan. 25, 2012) (stating that whether managers at stores falsified time records involves "individualized inquiries" and noting that the question might be closer if plaintiffs attempted to certify a class comprised only of employees from one store or subject to the control of one manager); *cf. Brickey v. Dolgencorp., Inc.*, 272 F.R.D. 344, 348, 349 (W.D.N.Y. Feb. 23, 2011) (cited in the Class Certification Order at 20) (denying motion to certify collective and class actions because "[a]lthough plaintiffs have offered some evidence that certain Dolgencorp managers flouted Dolgencorp's policies, plaintiffs have not shown that such activity was widespread or common practice" and because "plaintiffs' claims arose in different stores, under different managers, who reacted to [defendant's policies] to varying degrees and in different ways").

The New Exhibit reveals that plaintiffs' Query 4 analysis identified a total of just fifty-seven purported instances of time-shaving. It also shows that plaintiffs claim to have evidence of time-shaving for only fifteen of the thirty-nine Discovery Plaintiffs. Most tellingly, the New Exhibit demonstrates that the overwhelming majority – forty-two of fifty-seven (74%) – of the time-shaving entries plaintiffs claim to have identified relate to just seven Discovery Plaintiffs from only three class states, namely New Jersey (Juan Severino, Antoine Roseme and Frank Ercole), Illinois (Jesus Soto and Frank Poczok) and Colorado (Earl York and David Lawson).[5]

---

[5] The New Exhibit does not identify any instances of purported time-shaving for the class representatives from California (Jason Castillo), Colorado (Steve McMahon), Connecticut (Evens St. Juste), Florida (Jeffery Gorman), Indiana (Steven Hess), Minnesota (Alan Kennedy),

The New Exhibit thus plainly establishes that plaintiffs are unable to live up to their "ambitious claim that there would be sufficient instances of 'temporal impossibilities' for the jury to conclude that defendants impermissibly altered time-records on a *class-wide* basis" and that the Court's skepticism that they could do so was well-founded. (Class Certification Order at 21 (emphasis added)). Plaintiffs are unable to establish commonality across the class and collective actions by relying on the Query 4 data, particularly given that the classes cover multiple branches, lengthy time periods and the conduct of many different managers. This has become yet more evident now that it is clear how few instances of alleged time-shaving plaintiffs' Query 4 has identified and that the vast majority of those instances are from just three class states – leaving just 15 alleged incidents in the remaining states, of the tens of thousands of time entries analyzed by plaintiffs. Indeed, a finding of liability based upon one or two or a handful of entries would in no way advance the ultimate resolution of the claims of the class members, as the parties would still need to individually resolve whether each was subjected to time shaving – a result inconsistent with the "paper case" contemplated by the Court.

Accordingly, defendants respectfully request that the Court reconsider its decision not to decertify the collective action and state class Time-Shaving Claims and, upon reconsideration, decertify those claims.

---

Missouri (Levoid Bradley) or Washington (Bryon Frazier-Smith). Accordingly, these individuals are not proper class representatives for the Time-Shaving Claims. Consistent with the Court's previous ruling, plaintiffs should be required to name new class representatives, whom defendants should be afforded an opportunity to depose. (*See* Order at 56).

- 8 -

KL3 2915124.2

## Conclusion

For the foregoing reasons, defendants respectfully request that the Court grant defendants' motion for reconsideration of the Order and, upon reconsideration, grant defendants' motion for (i) summary judgment dismissing plaintiffs' Turn-in Claim in California; (ii) summary judgment dismissing plaintiffs' Time-Shaving Claims in California, Connecticut, Indiana, Missouri or Washington and the individual claims of various Discovery Plaintiffs; and (iii) decertification with respect to the collective action and state class action Time-Shaving Claims; and grant such other relief as may be just and proper.

Dated: New York, New York
February 26, 2013

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: /s/ Robert N. Holtzman
Robert N. Holtzman
Kerri Ann Law
Jared I. Heller

1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
rholtzman@kramerlevin.com
klaw@kramerlevin.com
jheller@kramerlevin.com

*Attorneys for Defendants*

KL3 2915124.2

# EXHIBIT A

## Exhibit A to Plaintiffs' 2nd Interrogatory Responses

| AB No | Plaintiff Name | Date | Ticket Number |
|---|---|---|---|
| 44054 | NAJMON, DAVID R. | 6/14/2007 | 14068404 |
| 44054 | NAJMON, DAVID R. | 5/7/2008 | 14545835 |
| 704614 | SOTO, JESUS | 8/23/2005 | 11043795 |
| 704614 | SOTO, JESUS | 9/5/2005 | 11051103 |
| 704614 | SOTO, JESUS | 9/15/2005 | 11057417 |
| 704614 | SOTO, JESUS | 7/11/2007 | 14106204 |
| 503346 | YORK, EARL J. | 3/13/2009 | 14972780 |
| 503346 | YORK, EARL J. | 3/22/2009 | 14983904 |
| 581319 | CAIN, SHILO | 10/28/2008 | 14771989 |
| 581319 | CAIN, SHILO | 2/11/2009 | 14930629 |
| 581319 | CAIN, SHILO | 2/23/2009 | 14947023 |
| 525585 | LAWSON, DAVID D. | 11/25/2008 | 14810539 |
| 525585 | LAWSON, DAVID D. | 12/4/2008 | 14824034 |
| 525585 | LAWSON, DAVID D. | 12/8/2008 | 14829291 |
| 525585 | LAWSON, DAVID D. | 12/23/2008 | 14853615 |
| 525585 | LAWSON, DAVID D. | 1/19/2009 | 14897297 |
| 525585 | LAWSON, DAVID D. | 1/23/2009 | 14903735 |
| 525585 | LAWSON, DAVID D. | 2/17/2009 | 14939532 |
| 525585 | LAWSON, DAVID D. | 2/19/2009 | 14942402 |
| 525585 | LAWSON, DAVID D. | 2/25/2009 | 14950207 |
| 525585 | LAWSON, DAVID D. | 3/24/2009 | 14987261 |
| 525585 | LAWSON, DAVID D. | 3/31/2009 | 14996554 |
| 393708 | POCZOK, FRANK W. | 6/4/2005 | 10998238 |
| 393708 | POCZOK, FRANK W. | 7/17/2005 | 11022538 |
| 393708 | POCZOK, FRANK W. | 9/1/2005 | 11049341 |
| 393708 | POCZOK, FRANK W. | 12/29/2005 | 11123066 |
| 393708 | POCZOK, FRANK W. | 1/1/2006 | 11124382 |
| 393708 | POCZOK, FRANK W. | 7/12/2007 | 14108124 |
| 393708 | POCZOK, FRANK W. | 4/30/2008 | 14536779 |
| 393708 | POCZOK, FRANK W. | 5/5/2008 | 14542999 |
| 393708 | POCZOK, FRANK W. | 7/21/2008 | 14645375 |
| 393708 | POCZOK, FRANK W. | 10/16/2008 | 14756703 |
| 445358 | RICHARDSON, LAWRENCE A. | 2/23/2009 | 15100359 |
| 410591 | HOLLISTER, LOUIS E. | 4/9/2007 | 14084882 |
| 410591 | HOLLISTER, LOUIS E. | 8/27/2007 | 14310483 |
| 468320 | SEVERINO, JUAN D. | 6/13/2007 | 14192429 |
| 468320 | SEVERINO, JUAN D. | 6/15/2007 | 14195730 |
| 468320 | SEVERINO, JUAN D. | 7/17/2007 | 14245631 |
| 468320 | SEVERINO, JUAN D. | 8/3/2007 | 14273388 |
| 468320 | SEVERINO, JUAN D. | 9/21/2007 | 14348273 |
| 467775 | ROSEME, ANTOINE | 6/4/2007 | 14177192 |
| 467775 | ROSEME, ANTOINE | 6/6/2007 | 14180589 |

Exhibit A to Plaintiffs' 2nd Interrogatory Responses

| AB No | Plaintiff Name | Date | Ticket Number |
|---|---|---|---|
| 467775 | ROSEME, ANTOINE | 6/7/2007 | 14182232 |
| 467775 | ROSEME, ANTOINE | 1/31/2008 | 14558715 |
| 475776 | ERCOLE, FRANK | 9/2/2007 | 14318925 |
| 475776 | ERCOLE, FRANK | 11/19/2007 | 14439739 |
| 475776 | ERCOLE, FRANK | 1/30/2008 | 14557285 |
| 475776 | ERCOLE, FRANK | 2/28/2008 | 14601560 |
| 475776 | ERCOLE, FRANK | 4/1/2008 | 14649606 |
| 475776 | ERCOLE, FRANK | 4/22/2008 | 14678596 |
| 420479 | CRUZ, CHRISTIAN A. | 7/22/2009 | 15286014 |
| 486168 | VILLATORO, MARCO A. | 6/13/2008 | 14750860 |
| 415708 | BUONO, MICHAEL | 2/12/2007 | 13987320 |
| 415708 | BUONO, MICHAEL | 3/14/2007 | 14041896 |
| 415708 | BUONO, MICHAEL | 3/15/2007 | 14043681 |
| 415708 | BUONO, MICHAEL | 12/27/2007 | 14501655 |
| 716391 | MORRIS, LINWOOD E. | 9/26/2007 | 14354909 |