# KRAMER LEVIN NAFTALIS & FRANKEL LLP

ROBERT N. HOLTZMAN
PARTNER
PHONE 212-715-9513
FAX 212-715-8035
RHOLTZMAN@KRAMERLEVIN.COM

April 8, 2013

VIA ECF

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:  *Morangelli, et al. v. Chemed Corporation, et al.*, 10 Civ. 0876 (BMC)

Dear Judge Cogan:

  We represent defendant Roto-Rooter Services Company ("Roto-Rooter") in the above-captioned action. We write to advise the Court of an intervening change in controlling authority – specifically the United States Supreme Court's March 27, 2013 decision in *Comcast Corp v. Behrend*, __ U.S. __, __ S. Ct. __, No. 11-864, 2013 WL 1222646 (Mar. 27, 2013) ("*Comcast*") – that bears on the propriety of class certification in this case.

  In *Comcast*, the Supreme Court held that the lower courts had misapplied Rule 23 because "under the proper standard for evaluating certification, respondents' model falls far short of establishing that damages are capable of measurement on a classwide basis." 2013 WL 1222646 at *5. The Court held that the class action had improperly been certified because "[q]uestions of individual damages calculations will inevitably overwhelm questions common to the class." *Id.* Days later, the Supreme Court granted a petition for a writ of certiorari and vacated and remanded for further consideration in light of *Comcast* a wage and hour class action in which class certification had been granted. *RBS Citizens, N.A. v. Ross*, __ U.S. __, __ S. Ct. __, No. 12-165, 2013 WL 1285303 (Apr. 1, 2013).

  A district court in this Circuit has already applied *Comcast* to hold that a New York State wage and hour claim class action could not satisfy Rule 23 because plaintiffs' damages could not be measured across the entire class without an individualized inquiry. In *Roach v. T.L. Cannon Corp.*, the Court held that analysis of the evidence:

> [D]oes not yield a finding that damages are capable of measurement on a classwide basis. Rather, Plaintiffs' proof that some employees, on various occasions, were denied their 10-hour spread payments indicates that damages in this putative class are in fact highly individualized. Because Plaintiffs have offered no model of damages susceptible of measurement across the entire

1177 AVENUE OF THE AMERICAS NEW YORK NY 10036-2714 PHONE 212.715.9100 FAX 212.715.8000
990 MARSH ROAD MENLO PARK CA 94025-1949 PHONE 650.752.1700 FAX 650.752.1800
47 AVENUE HOCHE 75008 PARIS FRANCE PHONE (33-1) 44 09 46 00 FAX (33-1) 44 09 46 01
WWW.KRAMERLEVIN.COM

KL3 2922461.3

KRAMER LEVIN NAFTALIS & FRANKEL LLP

The Honorable Brian M. Cogan
April 8, 2013
Page 2

> putative 10-hour spread claim class, "questions of individual damages calculation will inevitably overwhelm questions common to the class."

No. 3:10-CV0591 (TJM/DEP), 2013 WL 1316452, at *3 (N.D.N.Y Mar. 29, 2013) (quoting *Comcast*).

In this case, as the Court recognized in denying class certification with respect to damages, damages with respect to plaintiffs' Time-Shaving and Turn-in Time Claims cannot be established on a classwide basis and necessarily require a highly individualized analysis. (*See* Memorandum Decision and Order dated June 17, 2011 at 37-38 (Docket No. 203)). Indeed, it is clear that large portions of the class members have not suffered any damages under these claims. By example, plaintiffs' Query 4 analysis reveals a total of just 57 purported instances of alleged time-shaving and shows that plaintiffs claim to have identified instances of supposed time-shaving for only 15 of the 39 Discovery Plaintiffs.

Just as importantly, even if plaintiffs are able to establish that the class was subject to time-shaving or turn-in time was improperly recorded, an individualized analysis is required to determine both whether individual class members suffered damages and the amount of any such damages. With respect to the Time-Shaving Claim, any Query 4 instances would need to be analyzed to determine whether there is a legitimate explanation for the modification;[1] for the Turn-In Claim, the employee's individual time records need to be compared to other documentation (which can only be done on an individualized basis) to determine whether their time spent conducting turn-in was not recorded as working time. Thus, to the extent plaintiffs could establish class liability on the Time-Shaving or Turn-in Claims, this individualized analysis would have to be conducted for each class member to determine whether he suffered any damages. This is precisely the type of "individual damages calculations" rejected by the Supreme Court in *Comcast*.

---

[1] In denying reconsideration with respect to this claim, the Court explained that it:

> limited plaintiffs' Time-Shaving Claims to Query 4 because defendants failed to identify *any* possible innocent explanations for the "temporal impossibilities" in defendants' time records identified by that query. Thus, unlike in *Dukes*, there are no individualized questions about the validity or invalidity of a manager's use of discretion. A "temporal impossibility" alleged always demonstrates improper time-shaving. If plaintiffs prove this allegation, then they have established defendants liability to each plaintiff through defendants' records "in one stroke."

(Decision and Order dated March 25, 2013 (Docket No. 270). As the Court understood, however (*see* Memorandum Decision and Order entered on February 4, 2013 (Docket No. 261) (the "Order") at 49), defendants analyzed only a sample of the entries from Exhibit A; as it turns out, that sample did not include any Query 4 entries (the Court will recall that plaintiffs' Exhibit A did not identify the query that was the purposed basis for each entry). Thus, defendants did not initially analyze any of the fifty-seven Query 4 entries, which explains why they have not previously identified possible innocent explanations for them. Having now analyzed those entries, Roto-Rooter has, in fact, identified innocent explanations and will present at trial evidence showing that entries on Query 4 may reflect proper adjustments of time entries that do not result in time shaving.

KRAMER LEVIN NAFTALIS & FRANKEL LLP

The Honorable Brian M. Cogan
April 8, 2013
Page 3

      For these reasons, in accordance with Your Honor's Individual Practices, Roto-Rooter respectfully requests that the Court schedule a pre-motion conference to discuss Roto-Rooter's motion to decertify the classes certified in this case in accordance with the principles set forth in *Comcast*.[2] Roto-Rooter notes that the parties are scheduled to appear before the Court for a status conference on April 10, 2013 at 4:45 p.m.

      Respectfully submitted,

      Robert N. Holtzman

cc:   Michael J.D. Sweeney, Esq. (via ECF)

---

[2] In the alternative, the Court may treat the proposed motion as one for reconsideration of the February 4, 2013 ordered denying decertification of the class actions. "Reconsideration is appropriate . . . if there is an intervening change in controlling law." *In re Bayer Corp. Combination Aspirin Prod. Mktg. and Sales Practices Litig.*, No. 09-md-2023 (BMC), 2012 WL 4747441, at *1 (E.D.N.Y. Oct. 4, 2012) (Cogan, J.); *see also Clinton v. Brown & Williamson Holdings, Inc.*, 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009) ("Justice requires the exercise of [a court's discretion to hear an untimely motion for reconsideration] when, for example, there is an intervening change in controlling law, such as the issuance of a relevant United States Supreme Court decision.").