UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
ANTHONY MORANGELLI et al., individually and : **PRELIMINARY APPROVAL**
on behalf of all others similarly situated, : **ORDER OF CLASS**
: **SETTLEMENT AGREEMENT**
Plaintiffs, : 10 Civ. 0876 (BMC)
:
-against- :
:
ROTO-ROOTER SERVICES COMPANY, :
:
Defendant. :
:
-------------------------------------------------------------- X

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT, APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT, AND OTHER RELIEF**

The above-entitled matters came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Settlement, Approval of Plaintiffs' Proposed Notice of Settlement, and Other Relief ("Motion for Preliminary Approval") (Docket No. 283).

**I.    Background and Procedural History**

1.    The parties' proposed settlement resolves all claims asserted in the federal action entitled <u>Anthony Morangelli, et al. v. Roto-Rooter Services Company</u>, 1:10-CV-00876 (BMC) (the "Federal Action") and all claims asserted in the arbitration entitled <u>Colquhoun et al. v. Chemed Corp., et al.</u>, AAA Case No. 19 166 00167 09 (the "Arbitration") (collectively the "Litigation").

2.    The Plaintiffs in the Litigation allege that they and all other Roto-Rooter Technicians who were paid on a commission basis were not paid minimum wages and overtime premiums, and were further subject to unlawful wage deductions and kickbacks for which they

sought unpaid wages, attorneys' fees and costs, and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. §§ 209 *et seq.* ("FLSA") and sixteen state wage and hour laws.

## II. Preliminary Approval of Settlement

3. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement, the Declaration of Michael J.D. Sweeney, and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Sweeney Decl. as Exhibit B.[1]

4. The Settlement Agreement creates a fund of $14,274,585.00 to settle the Litigation. (Ex. B at ¶ 1.18, 3.1). The Fund covers class members' settlement awards, service payments, attorneys' fees and costs, and administration fees and costs. (Ex. B at ¶ 3.1(A)).

5. The parties have agreed that Plaintiffs may petition the Court for an award from the Settlement Fund for attorneys' fees and costs (including the costs of the Settlement Administrator) as well as for Service Awards for the named parties and discovery plaintiffs. (Ex. B at ¶¶ 3.2, 3.3.). After these amounts have been deducted from the Settlement Fund, the remaining funds (the "net settlement fund") will be allocated among the Plaintiffs using the following formula:

    a. The number of weeks that each Plaintiff worked as a commissioned technician within the applicable statute of limitations and ending on the applicable practice conversion date will be totaled and divided into the net settlement fund to determine a "weekly damage amount."

    b. The number of weeks that each Plaintiff worked as a commissioned technician within the applicable statute of limitations and ending on the applicable

---

[1] Unless otherwise indicated, all Exhibits referred to in this Order are Exhibits to Sweeney Decl.

    practice conversion date will be multiplied by the "weekly damage amount" to yield the "preliminary individual damage amount."

    c.  A multiplier will then be applied to the "preliminary individual damage amount" to produce an "adjusted individual damage amount." The multipliers are as follows: 183% For Federal and Arbitration Named Plaintiffs and Opt-In Plaintiffs; 100% for Arbitration class members; 66% for Federal Action State Class members. As recovery of damages would require each Plaintiff to come forward with evidence of their damages, the varying multipliers reflect the parties' views of the chances of recovery that each of these groups would likely have if the litigation continued.

    d.  The "adjusted individual damage amounts" will then be pro-rated to ensure that they add up to the Net Settlement Fund and the resulting amount will be the "final damage amounts" for each Plaintiff with the proviso that any Plaintiff whose final damage amount is less than $250 will receive $250 as a minimum amount.[2]

    e.  Upon approval of the settlement and the expiration of all appeals, if any, checks for the final damage amounts will be mailed to the Plaintiffs. Any check that is not cashed within 120 days of mailing will be cancelled and the monies will revert to Defendants.

(Ex. B at ¶ 3.5(B)).

  6.  Preliminary approval, which is what the Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object to or opt-out of the settlement, and requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. Herbert B. Newberg & Alba Conte, <u>Newberg on Class Actions</u> ("<u>Newberg</u>") § 11.25 (4th ed. 2002). To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." <u>In re Traffic Executive Ass'n</u>, 627 F.2d 631, 634 (2d Cir. 1980). If, after a preliminary evaluation of the proposed settlement, the court finds that it "appears to fall within

---

[2] The parties have agreed to hold back $180,000 from the Net Settlement Fund to cover any errors that may be discovered in the payroll data that would affect the damage calculation, such as errors in a worker's start or end date. (Ex. B at ¶3.1(D)). Upon the Court's Final Approval of the settlement, the allocation calculation will be run again and any of the $180,000 remaining at the time of Final Approval will be redistributed among the Plaintiffs on a pro-rate basis. (<u>Id.</u>).

3

the range of possible approval," the court should order that the class members receive notice of the settlement. Newberg § 11.25.

7. The Court concludes that the proposed Settlement Agreement (including the allocation formula in the settlement agreement ("Allocation Formula")) is within the range of possible final settlement approval. Therefore, notice to the Class is appropriate.

### III. Certification of the Agreed Changes to the Definitions of the Previously Certified Federal Classes Is Appropriate

8. The Settlement Agreement provides relief for all members of the currently certified federal classes and expands the membership of those classes by including individuals who were hired in the certified States after the date that class notice was issued and before the date on which Defendants implemented new pay practices that impact the practices challenged by plaintiffs in this litigation. The Court has already ruled on the merits of Rule 23 class certification and decertification with respect to the Federal Class Members (see Morangelli v. Chemed Corp., 275 F.R.D. 99 (E.D.N.Y. 2011) and Morangelli v. Chemed Corp., 2013 U.S. Dist. LEXIS 14873 (E.D.N.Y. Feb. 4, 2013)). The expansion of the classes to include individuals hired by Defendants after class noticed issued but subject to the same practices is consistent with the Court's prior certification decisions and the additional class members will receive notice, the opportunity to opt-out of the class and the opportunity to object to the settlement as part of the settlement. Accordingly, the addition of these class members in the settlement class is approved.

### IV. Notices

9. The Court approves Plaintiffs' Proposed Settlement Notice to the FLSA Collective Action, Rule 23 and Arbitration Class Members ("Proposed Notice"), attached as Exhibit 1 to the Notice of Motion for Preliminary Approval of Class Settlement.

10. The content of the Proposed Notice complies with the requirements under time of Final Approval will be redistributed among the Plaintiffs on a pro-rate basis. (Id.). Federal Rule of Civil Procedure 23.[3]

11. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

12. The Proposed Notice here meets these requirements. The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, provides specific information regarding the date, time, and place of the final approval hearing, and informs each Class Member of the minimum amount he will receive under the settlement. It also informs class members of their right to opt-out of or object to the settlement.

13. Accordingly, the Court makes a preliminary finding that the information in the Proposed Notice is adequate to put class members on notice of the proposed settlement as required by Rule 23(c)(2)(B).

**V.     Class Action Settlement Procedure**

14. The Court hereby preliminarily adopts the following settlement approval process:

   a. Class Counsel shall provide the Settlement Administrator with a list, in electronic form, of the name; RRSC AB number; Social Security Number; last known

---

[3] The Proposed Settlement Notice also complies with the FLSA's requirements for settlement notices. See Myers v. Hertz Corp., 624 F.3d 537,554 (2d Cir. 2010).

addresses, and last known telephone number (as and to the extent such information exists on file with Defendants); and Final Minimum Damage Amount of all class members (the "Class List") by September 27, 2013.  (Ex. B at ¶ 2.4(A)).

      b.      The Settlement Administrator shall mail the court-approved notices to Plaintiffs via First Class United States Mail, postage prepaid by October 7, 2013.

      c.      Class Members shall have until November 21, 2013 to opt out of the settlement and/or object to the settlement.

      d.      A final fairness hearing will be held on January 6, 2014 at 10:00 am in Courtroom 8D South.  Not later than December 23, 2013, Named Plaintiffs will submit a Motion for Judgment and Final Approval.  The Court may adjourn or continue the final fairness hearing without further notice to the Class Members.

      e.      If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment for Dismissal.

      f.      The Settlement Administrator will mail settlement checks to the Plaintiffs and the attorneys' fees and costs checks mailed to Class Counsel within ten (10) days after the Effective Date as defined in Section 1.12 of the Settlement Agreement. (Id. at ¶2.11(D)).

      g.      The Court will retain jurisdiction over the case following the entry of the Judgment for Dismissal until 30 days after the end of the Acceptance Period as defined in Section 1.3 of the Settlement Agreement.  (Id. at ¶ 2.11(E)).

**SO ORDERED.**

                                    Digitally signed by Brian M. Cogan
                                    _____
                                              U.S.D.J.

Dated: Brooklyn, New York
       September 17, 2013.